IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| HARRIETT WELCH, )<br>as Executrix of the Estate of )<br>LARRY JAMES WELCH, )<br>    )<br>    Plaintiff, ) | Case No. CV-02-HS-0420-E |
| v. )<br>    )<br>    )<br>BROWN AND WILLIAMSON )<br>TOBACCO CORPORATION; )<br>et. al., )<br>    )<br>    Defendant. ) | |

## MEMORANDUM OPINION

This court has before it Defendant[1] Brown & Williamson Tobacco Corporation's (Defendant) September 15, 2006 Motion to Dismiss or in the Alternative for Summary Judgment (Doc. 39) as to Plaintiff Harriett Welch's claims on behalf of the Estate of Larry Welch. Having considered the briefs and evidentiary submissions, the court treats this matter as a Motion for Summary Judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure.  For the reasons hereinafter

---

[1] On March 3, 2005, this court dismissed with prejudice (Doc. 27) Plaintiff's claims against defendants Piggly-Wiggly, Bruno's, Inc., and Winn Dixie.

1

stated, the court finds that the Defendant's motion for summary judgment is due to be **GRANTED** and the case will be **DISMISSED WITH PREJUDICE**.

## I. Introduction

This is an action arising out of the death, from cancer, of Plaintiff's husband, a longtime cigarette smoker. The Plaintiff is the personal representative of her deceased husband's estate[2].

This lawsuit was filed on January 8, 2002, in the Circuit Court for Talladega County, Alabama, and was removed to this Court on February 19, 2002. Plaintiff's Complaint contains four theories of recovery: (1) liability under the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD"); (2) a claim for negligence; (3) a claim for wantonness; and (4) a claim of conspiracy. (Plaintiff's Complaint pp. 6-8). Defendant Brown & Williamson filed a Rule 12(c) Motion for Partial Judgment on the Pleadings (Doc. 32) on May 19, 2005. On August 16, 2005, this court issued an order (Doc. 37) which dismissed: (1) Plaintiff's AEMLD claims; (2) Plaintiff's negligent failure to warn claims; (3) Plaintiff's conspiracy to fail to warn claims; and (4) Plaintiff's conspiracy to fraudulently suppress claims. However, the court determined that Plaintiff's negligence and wantonness claims were not barred

---

[2] Although Mr. Welch died on September 30, 2001, and this action was filed on January 8, 2002, Ms. Welch was not appointed personal representative of her late husband's estate until October 6, 2006. *See* doc. 42.

by conflict preemption and did not dismiss those claims. The court also ruled that Plaintiff's conspiracy claims were not barred, insofar as they "allege that the Defendant's fraudulent misrepresentations 'involved the alleged addition of carcinogens and other harmful ingredients that would not have been well known to the ordinary cigarette consumer with access to knowledge common to the community.'" (Doc. 36). Finally, the court ruled that all of Plaintiff's remaining claims are subject to a two-year statute of limitations period.

## II. Summary Judgment Standard

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Chapman v. Al Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. Once the moving party has met his burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and by his own affidavits, or by the depositions, answers to interrogatories,

and admissions of file, designate specific facts showing that there is a genuine issue for trial. *Id*. At 324.

The substantive law will identify which facts are material and which are irrelevant. *Chapman*, 229 F.3d at 1023; *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *Chapman*, 222 F.3d at 1023; *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *Chapman*, 229 F.3d at 1023. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Anderson*, 477 U.S. at 249.

The method used by the party moving for summary judgment to discharge its initial burden depends on whether that party bears the burden of proof on the issue at trial. *See Fitzpatrick*, 2 F.3d at 1115-17 (citing *United States v. Four Parcels of Real Property*, 941 F.2d 1428 (11th Cir. 1991) (*en banc*)). If the moving party bears the burden of proof at trial, then it can only meet its initial burden on summary judgment by coming forward with positive evidence demonstrating the absence of a genuine issue of material fact; i.e. facts that would entitle it to a directed verdict if not controverted at trial. *Fitzpatrick*, 2 F.3d at 1115. Once the moving party makes such

a showing, the burden shifts to the non-moving party to produce significant, probative evidence demonstrating a genuine issue for trial.

If the moving party does not bear the burden of proof at trial, it can satisfy its initial burden on summary judgment in either of two ways. First, the moving party may produce affirmative evidence negating a material fact, thus demonstrating that the non-moving party will be unable to prove its case at trial. Once the moving party satisfies its burden using this method, the non-moving party must respond with positive evidence sufficient to resist a motion for directed verdict at trial. The second method by which the moving party who does not bear the burden of proof at trial can satisfy its initial burden on summary judgment is to *affirmatively* show the absence of evidence in the record to support a judgment fo the non-moving party on the issue in question. This method requires more than a simple statement that the non-moving party cannot meet its burden at trial but does not require evidence negating the non-movant's claim. It simply requires the movant to point out to the district court that there is an absence of evidence to support the non-moving party's case. *Fitzpatrick*, 2 F.3d at 1115-16. If the movant meets its initial burden by using this second method, the non-moving party may either point out to the court record evidence, overlooked or ignored by the movant, sufficient to withstand a directed verdict, or the non-moving party may come forward with additional evidence sufficient to withstand a

directed verdict motion at trial based on the alleged evidentiary deficiency. However, when responding, the non-movant can no longer rest on mere allegation, but must set forth evidence of specific fact. *Lewis v. Casey*, 518 U.S. 343, 358 (1996) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555. 561 (1992).

### III.  Facts

**A.  Requirements under Rule 56.**

Because the Plaintiff is proceeding *pro se*, "the district court must give that party express, ten-day notice of the summary judgment rules, of his right to file affidavits or other materials in opposition to the motion, and of the consequences of default." *McBride v. Sharpe*, 981 F.2d 1234, 1236 (11th Cir. 1993) (quotation and citation omitted).  The court has shown proper deference to the Plaintiff as a *pro se* party.  It issued a Notice and Scheduling Order on September 18, 2006, informing Plaintiff of the Motion for Summary Judgment. (Doc. 41).  In this order, the court directed Plaintiff as to her right to file affidavits or other materials in opposition to the motion, and the consequences of default. The court also attached a copy of Rule 56 of the Federal Rules of Civil Procedure and an explanation of rights and responsibilities of the parties under this rule. The Plaintiff was informed that the granting of summary judgment is a final adjudication with prejudice on the merits. Plaintiff did not contact the court asking for a time extension. Furthermore, Plaintiff

never gave the court notice that she did not understand the order or Rule 56.

On October 18, 2006, Plaintiff filed a brief in opposition to Defendant's motion (Doc. 42). Plaintiff responded to only one of the issues raised by Defendant as grounds for summary judgment. Specifically, on October 6, 2006, after the Defendant filed its motion, the Plaintiff was appointed personal representative of her late husband's estate. *See* Doc. 42. However, Plaintiff did not oppose any of Defendant's other facts or submit affidavits or other documents which set forth specific facts showing that there is a genuine issue of material fact to be litigated at trial as to any of Defendant's issues other than that Plaintiff had not been appointed personal representative of Larry Welch's estate. Since Plaintiff did not contradict any of the other facts submitted by Defendant, she has admitted them pursuant to both Rule 56 and the Court's Notice and Scheduling Order. *See also Atlas Therapy, Inc. v. United States*, 66 F. Supp. 2d 1203, 1203 n.1 (N.D. Ala. 1999) (facts supporting the defendant's motion for summary judgment were deemed admitted when plaintiff failed to respond to the defendant's submitted facts)[3]. The law allows that a *pro se* plaintiff should not be held "to strict accountability of compliance with the rules of procedure," nevertheless, a *pro se* litigant must conform to the bare requirements of

---

[3] This court, having reviewed the complete file, cannot find any evidence that contradicts Defendant's assertions of fact.

establishing the existence of a genuine issue of material fact to avoid summary judgment. *Holifield v. Reno*, 115 F.3d 1555, 1561 (11th Cir. 1997) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)), *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).

## B. The Admitted Facts

As stated in the previous section, the Plaintiff has failed to submit any evidence, other than evidence that she has been appointed personal representative of her late husband's estate, in opposition to Defendant's motion for summary judgment. Therefore, the following facts asserted by Defendant, which the court has independently found to be supported by the evidence, are established as true. Decedent, Larry Welch, began smoking at a young age and became addicted to cigarettes at a young age. Larry Welch developed lung cancer prior to September 30, 1999. Larry Welch died on September 30, 2001.

## IV. Substantive Law and Analysis

### A.   Representation of Estates by *Pro Se* Parties

The Defendant argues that Plaintiff cannot represent an estate *pro se*. Appearances in federal court are governed by 28 U.S.C.A. § 1654 which permits parties "in all of the Courts of the United States...[to] plead and manage their own causes personally or by the assistance of counsel or attorneys at law." The right to

self-representation has been limited to the right to represent one's self and does not extend to representing someone else or an entity. *See Faretta v. California*, 422 U.S. 806, 825 (1975) (holding 28 U.S.C.A. § 1654 "guarantee[s] a choice between representation by counsel and the traditional practice of self-representation"); *United States v. Taylor*, 569 F.2d 448, 451 (7th Cir. 1978) (constitutional right to assistance of counsel does not include right to representation by persons unlicensed to practice law); *United States v. Peterson*, 550 F.2d 379, 381-82 (7th Cir. 1977) (*Faretta* "does not hold that a defendant has the freedom of choice to select a non-licensed person as his counsel."); *Osborn v. Bank of the United States*, 22 U.S. 738 (1824) ("A corporation, it is true, can only appear by attorney, while a natural person may appear for himself.").

The Eleventh Circuit has considered the question of whether a personal representative could represent an estate *pro se* in *Reshard v. Britt*, 819 F.2d 1573 (11th Cir. 1987). In *Reshard*, plaintiffs appealed the district court's decision disqualifying them, under 28 U.S.C. § 1654 (1982), from representing an estate *pro se*. A three-judge panel of the Eleventh Circuit reversed the district court's decision, and the Eleventh Circuit later reviewed the case en banc. *Reshard v. Britt*, 819 F.2d 1573 (11th Cir. 1987); *Reshard v. Britt*, 839 F.2d 1499 (11th Cir. 1988). The equally divided en banc Court affirmed, by operation of law, the district court's order

requiring the plaintiffs to obtain counsel. *Reshard v. Britt*, 839 F.2d 1499 (11th Cir. 1988) (*per curiam*) (*en banc*). Of course, this affirmance is without any precedential value. *Henderson v. Fort Worth Independent School District*, 584 F.2d 115, 116 (5th Cir. 1978).

However, the Eleventh Circuit has clearly held that a parent who is acting in a representative capacity for a minor child may not appear pro se. *See*, *Devine v. Indian River County School Bd.*, 121 F.3d 576, *581 (11th Cir. 1997)("Turning to the merits of this appeal, we first conclude that neither 28 U.S.C. § 1654 nor Fed.R.Civ.P 17(c), cited by Devine, permits a parent to represent his/her child in federal court. Section 1654 authorizes parties in federal cases to "plead and conduct their own cases personally or by counsel," but is inapposite because it does not speak to the issue before us-whether Devine may plead or conduct his son's case. Likewise, Rule 17(c) is unavailing; it permits authorized representatives, including parents, to sue on behalf of minors, but does not confer any right upon such representatives to serve as legal counsel. *See, e.g., Osei-Afriyie v. Medical College of Penn.,* 937 F.2d 876, 882-83 (3d Cir.1991) (neither section 1654 nor Rule 17(c) permits non-lawyer parent to represent child in federal court); *Cheung v. Youth Orchestra Found. of Buffalo, Inc.,* 906 F.2d 59, 61 (2d Cir.1990) (same); *Meeker v. Kercher,* 782 F.2d 153, 154 (10th Cir.1986) (same).").

Other federal courts have also considered whether *pro se* litigants may represent estates and have routinely barred such actions <u>where the beneficiaries or creditors of the estate included persons other than the personal representative</u>. *See Iannaccone v. Law*, 142 F.3d 553, 559 (2nd Cir. 1998) (prohibiting *pro se* representation of an estate because the personal representative was litigating claims not personal to him); *Pridgen v. Andresen*, 113 F.3d 391, 393 (2nd Cir. 1997) ("We now hold that an administatrix or executrix of an estate may not proceed *pro se* when the estate has beneficiaries or creditors other than the litigant."); *Witherspoon v. Jeffords Agency, Inc.*, 2003 WL 24029475 (D.S.C. 2003) (dismissing action where *pro se* representative of an estate failed to obtain counsel); *Beyer v. N.C. Div. of Mental Health*, 2001 WL 1319506 (W.D.N.C. 2001) ("The legal interests of an 'estate,' as a matter of both federal and state law, cannot be pursued by an administrator proceeding *pro se*."); *Billups v .West*, 1998 WL 341939 (S.D.N.Y. 1998) ("Furthermore, if James submits evidence of, and wishes to proceed as, the representative of Billups' estate, she must retain counsel to represent the estate; she cannot proceed *pro se*."); *McCants v. Village of Broadview*, 1994 WL 117478, 2 (N.D. Ill. 1994) ("An estate by its very nature cannot represent itself and, therefore, must be represented by a licensed attorney, regardless of the relation between the administrator and the decedent. To permit an unlicensed lay administrator to appear

*pro se* would be to permit the unauthorized practice of law."). Here, the court cannot determine from the pleadings and evidence whether or not Mr. Welch's estate has any beneficiaries or creditors other than Harriett Welch. Therefore, the court declines to find, at this time, that, Mrs. Welch cannot proceed *pro se*.

**C. Limitation on Remedy**

The Defendant admits that Plaintiff cured the jurisdictional defect with respect to Plaintiff's not being the properly appointed representative of Larry Welch's estate as required under Alabama's Wrongful Death Act § 6-5-410. (Doc. 43). However, the Defendant maintains that the Plaintiff's October 6, 2006, cure of the jurisdictional defect on October 6, 2006, did not toll the two year limitations for bringing the negligence and wantonness claims asserted by the Plaintiff.

Alabama's Wrongful Death Act § 6-5-410 provides that a "personal representative" may commence an action within two years from or after the death of the testator or intestate. When used in this statute, a personal representative can only mean the executor of the injured testator or intestate. *Hatas v. Partin*, 175 So. 2d 759 (Ala. 1965). Furthermore, the two year limitation is part of the substantive remedy and, after such time, the remedy expires. *Parker v. Fies and Son*, 10 So. 2d 13 (Ala. 1942).

The Alabama Supreme Court has decided this issue in several cases. In

*Downtown Nursing v. Pool*, 375 So. 2d 465 (Ala. 1979), the court held that any action by an administrator prior to his appointment was a nullity and, consequently, there is nothing for a subsequent amendment of the personal representative to relate back to if filed after the two-year limitation of the remedy. In *Brown v. Mounger*, the Alabama Supreme Court held that parents who did not receive letters of administration within two years of their son's death were prohibited from bringing a wrongful death action. 541 So. 2d 463 (Ala. 1989). Since the two-year time limit expired <u>before</u> Plaintiff was appointed the personal representative of Mr. Welch's estate, she is barred from recovery. Therefore, Defendant's Motion for Summary Judgment is due to be **GRANTED** and the Plaintiff's action is due to be **DISMISSED WITH PREJUDICE**.

## IV. Conclusion

For the reasons set forth above, Defendant's motion for summary judgment as to Plaintiff's remaining claims is due to be **GRANTED** and the case will be **DISMISSED WITH PREJUDICE** by the order filed contemporaneously with this opinion.

**DONE** and **ORDERED** this 20th day of February, 2007.

                                                        /s/ VEHopkins
                                                        **VIRGINIA EMERSON HOPKINS**
                                                        United States District Judge